**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAIME CABALLERO RIOS** | § | |
| | § | |
| **V.** | § | **A-13-CA-468-SS** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 7); and Petitioner's reply (Document 9). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 274th Judicial District Court of Caldwell County, Texas.  Petitioner is serving a 20-year sentence for kidnapping and a 15-year sentence for criminal conspiracy to commit aggravated

kidnapping.  Petitioner does not challenge his holding conviction.  Rather, Petitioner complains he

has not been released on parole.  Petitioner filed a state application for habeas corpus relief

challenging the denial of parole, but the application was dismissed as noncompliant.

Respondent moves to dismiss Petitioner's application because he has not exhausted his state

court remedies and his claims are time-barred.  Alternatively, Respondent contends Petitioner's

application should be denied on the merit.

## II.  DISCUSSION AND ANALYSIS

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-

year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C.

§ 2244(d).  That section provides, in relevant part:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.      Application**

Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions.

Goodwin v. Dretke, 118 F. App'x 817, 818 (5th Cir. 2004).  The limitations period begins on "the

date on which the factual predicate of the claim or claims presented could have been discovered

through the exercise of due diligence."  § 2244(d)(1)(D).  Petitioner could have discovered the

factual predicate of his claims on December 14, 2011, the date his parole was denied.  Therefore,

Petitioner had until December 14, 2012, to timely file his federal application.  Petitioner did not date

his federal application for habeas corpus relief.  He did, however, date his application to proceed in

forma pauperis, which accompanied his federal application for habeas corpus relief. The application

to proceed in forma pauperis is dated May 24, 2013, which is the earliest Petitioner could have

placed his habeas corpus application in the prison mail.  Therefore, Petitioner's federal application

is more than five months late.

Petitioner's state application did not operate to toll the limitations period, because it was filed

after the limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

In addition, it was improperly filed.  An improperly filed state habeas petition has no effect on the

one-year time-bar.  See Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000) ( "[A]n application

is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and

rules governing filings.").

Petitioner suggests the limitations period did not begin in this case until April 13, 2012, the

date his request for special parole review was denied.  The Fifth Circuit has squarely held the

AEDPA limitations period is not tolled while a petitioner's special review was pending.  Wion v.

Quarterman, 567 F.3d 146 (5th Cir. 2009).  Moreover, even if the limitations period was tolled until

the special review concluded on April 13, 2012, Petitioner's application is still time-barred.  As explained above, the earliest Petitioner could have placed his federal application in the mail is May 24, 2013, more than a year after Petitioner's request for special parole review was denied.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of September, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE